UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTONIO DREW,<br><br>      **Plaintiff,**<br><br>v.<br><br>SOUTH POINT INC., et al.,<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-915 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the grounds for the court's jurisdiction" and of the "claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a), (e)(1). The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction is an Article III as well as a statutory requirement, "no action of the parties can confer subject[]matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83

(1936). Jurisdiction in federal district court can be based on a federal question, 28 U.S.C. § 1331, or on diversity, *id.* § 1332.

Plaintiff's Complaint fails to set forth a short and plain statement of the grounds for this Court's jurisdiction. The Complaint alleges that defendants are illegally foreclosing on Plaintiff's property. Foreclosure is a state law matter. Also, both Plaintiff and defendant Alex Cooper Auctioneers, Inc. are alleged to be citizens of Washington, D.C. Thus, diversity jurisdiction does not apply.

Accordingly, it is hereby

**ORDERED** that the Complaint is **DISMISSED without prejudice**, and Plaintiff's request for a temporary restraining order is **DENIED**.

**SO ORDERED.**

Date: March 19, 2008

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge